UNITED STATES DISTRICT COURT
SCUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x

PEARSON EDUCATION, INC.,          :
JCHN WILEY & SONS, INC.,
THOMSON LEARNING INC. AND         :
THE MCGRAW-HILL COMPANIES, INC.,
                                  :
                  Plaintiffs,
                                  :
        -against-
                                  :
CHARIK SETHI D/B/A BOOKELOOTS
AND JOHN DOE NOS. 1-5,            :

                  Defendants.  :

- - - - - - - - - - - - - - - - - x



JUDGE COTE

07 CV 2646

RECEIVED
MAR 30 2007
U.S.D.C. S.D. N.Y.
CASHIERS

COMPLAINT

        Plaintiffs Pearson Education, Inc. ("Pearson"), John
Wiley & Sons, Inc. ("Wiley"), Thomson Learning Inc. ("Thomson")
and The McGraw-Hill Companies, Inc. ("McGraw-Hill"), by their
undersigned attorneys, for their complaint against defendants
Charik Sethi d/b/a Bookeloots and John Doe Nos. 1 through 5,
aver:

### Nature of the Action

        1.    Plaintiffs are bringing this action to enforce
their copyrights and trademarks against defendants' unlawful
sale in the United States of non-United States versions of
plaintiffs' educational books.

<u>Jurisdiction and Venue</u>

2.    This Court has subject matter jurisdiction over the first two claims in this action pursuant to 28 U.S.C. §§ 1331 and 1338 because they arise under the Copyright Act, 17 U.S.C. § 101 <u>et seq</u>., or the Lanham Act, 15 U.S.C. § 1051 <u>et seq</u>.  This Court has subject matter jurisdiction over the third claim in this action pursuant to 28 U.S.C. § 1367 because it is so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy within the meaning of Article III of the United States Constitution.

3.    Upon information and belief, venue is proper in this District pursuant to 28 U.S.C. § 1391.

<u>Parties</u>

4.    Pearson is a Delaware corporation with its principal place of business at One Lake Street, Upper Saddle River, New Jersey 07458.

5.    Wiley is a New York corporation with its principal place of business at 111 River Street, Hoboken, New Jersey 07030.

6.    Thomson is a corporation with its principal place of business at 200 First Stamford Place, 4th Floor, Stamford, Connecticut 06902.

7.    McGraw-Hill is a New York corporation with its principal place of business at 1221 Avenue of the Americas, New York, New York 10020.

8.    Upon information and belief, defendant Charik Sethi is a natural person residing at 230 Seminary Avenue, Yonkers, New York, 10701.

9.    Upon information and belief, defendants John Doe Nos. 1-5 are associates of Sethi whose identities are presently unknown to plaintiffs.

<u>The Businesses of Plaintiffs</u>

10.    Each plaintiff publishes a variety of works, including educational books.

11.    As a standard practice, each plaintiff requires its authors to assign the copyright to them or grant them the exclusive rights of reproduction and distribution in the United States.  This practice enables each plaintiff to maximize dissemination of each work.

12.    Plaintiffs invest significant monies to publish their copyrighted works.  Plaintiffs, for example, make substantial investments in royalties, content creation, licensing, copyediting, proofreading, typesetting, layout, printing, binding, distribution, and promotion.

13.    Plaintiffs earn a substantial portion of their revenue from the publication of their copyrighted works and

would suffer serious financial injury if their copyrights were not enforced.  A substantial decline in their income could cause plaintiffs to cease publishing one or more deserving books or journals.  This would adversely impact the creation of new works, scholarly endeavor, and scientific progress.

14.  Plaintiffs' educational books authorized for sale in the United States are of the highest quality (the "United States Editions").  These books are generally printed with strong, hard-cover bindings with glossy protective coatings and, in some cases, contain extra features such as sewn ribbon bookmarks.  Plaintiffs frequently offer academic supplements, such as CD-ROMs, computer passwords that provide purchasers with access to academic websites corresponding to the textbooks, and study guides with the United States Editions.

15.  Plaintiffs generally create different versions of their educational books that are intended for sale in specific geographic markets outside of the United States (the "Foreign Editions").  The Foreign Editions materially differ from the United States Editions.  The Foreign Editions have thinner paper and different bindings, different cover and jacket designs, fewer internal ink colors, if any, lower quality photographs and graphics, and generally lower prices than the United States Editions.  Also, the Foreign Editions often lack academic

supplements, such as CD-ROMs, website passwords, or study guides.  The Foreign Editions are generally marked to indicate their lower cost by a legend indicating, in substance, that the title is a "Low Price Edition" and/or authorized for sale only in a particular country or geographic region.  The Foreign Editions are uniformly manufactured outside of the United States.

Plaintiffs' Copyrights and Trademarks

16.  Plaintiffs routinely register their copyrights. Pearson has registered the works identified on Schedule A (the "Pearson Copyrights").  Wiley has registered the works identified on Schedule B (the "Wiley Copyrights").  Thomson has registered the works identified on Schedule C (the "Thomson Copyrights").  McGraw-Hill has registered the works identified on Schedule D (the "McGraw-Hill Copyrights").

17.  Plaintiffs also own, themselves or through their parent or affiliate companies, trademarks that they use to differentiate their products from those of their competitors.

18.  Pearson PLC, Pearson's ultimate parent company, is the owner of and Pearson is an exclusive licensee of, with the accompanying right and duty to protect and enforce Pearson PLC's rights therein, the well-known trademarks "Pearson," "Pearson Education" and "Prentice Hall."  Pearson's affiliate corporation Addison Wesley Longman, Inc., is the owner of, and

Pearson is the exclusive licensee of, with the accompanying right and duty to protect and enforce its and its affiliate company's rights therein, the well known trademarks "Addison Wesley" or "Addison-Wesley" (the "Pearson Trademarks"). The United States Registrations for the Pearson Trademarks are identified on Schedule E.

19. Among Wiley's well-known trademarks are "John Wiley & Sons," "Wiley," and the "John Wiley Colophon" (the "Wiley Trademarks"). The United States Registrations for the Wiley Trademarks are identified on Schedule F.

20. Among Thomson's well-known trademarks are "Thomson Learning" (the "Thomson Trademarks"). The United States Registrations for the Thomson Trademarks are identified on Schedule G.

21. Among McGraw-Hill's well-known trademarks are "McGraw-Hill," "The McGraw-Hill Companies" and "Irwin" (the "McGraw-Hill Trademarks"). The United States Registrations for the McGraw-Hill Trademarks are identified on Schedule H.

<u>The Infringing Acts of Defendants</u>

22. Defendants have without permission purchased Foreign Editions of plaintiffs' books manufactured outside of the United States and resold them to purchasers in the United States through the Internet at the website www.abebook.com, using the name Bookeloots.

6

FIRST CLAIM FOR RELIEF
(Copyright Infringement - 17 U.S.C. § 501)

23.   Plaintiffs repeat the averments contained in paragraphs 1 through 22 as if set forth in full.

24.   Pearson has received United States Certificates of Copyright Registration for the Pearson Copyrights.

25.   Wiley has received United States Certificates of Copyright Registration for the Wiley Copyrights.

26.   Thomson has received United States Certificates of Copyright Registration for the Thomson Copyrights.

27.   McGraw-Hill has received United States Certificates of Copyright Registration for the McGraw-Hill Copyrights.

28.   The Pearson, Wiley, Thomson and McGraw-Hill Copyrights are valid and enforceable.

29.   Defendants have infringed the Pearson, Wiley, Thomson and McGraw-Hill Copyrights in violation of 17 U.S.C. § 501.

30.   Defendants' acts have irreparably damaged and, unless enjoined, will continue to irreparably damage plaintiffs. Plaintiffs have no adequate remedy at law for these wrongs and injuries.  Plaintiffs are, therefore, entitled to a preliminary and permanent injunction restraining and enjoining defendants and their agents, servants, employees, and attorneys and all

persons acting in concert with them, from infringing the

Pearson, Wiley, Thomson and McGraw-Hill Copyrights.

31.  Defendants have willfully infringed the Pearson,

Wiley, Thomson and McGraw-Hill Copyrights.

32.  Plaintiffs are entitled to recover all damages

sustained as a result of defendants' unlawful conduct including

(1) defendants' profits, or (2) plaintiffs' damages, or

alternatively (3) statutory damages.

<u>SECOND CLAIM FOR RELIEF</u>
(Trademark Infringement - 15 U.S.C. § 1114(a))

33.  Plaintiffs repeat the averments contained in

paragraphs 1 through 32 above as if set forth in full.

34.  Pearson is the exclusive licensee of the Pearson

Trademarks, with the accompanying right and duty to protect and

enforce Pearson's rights therein.  Pearson's licensor parent and

affiliate companies have obtained United States Trademark

Registrations for the Pearson Trademarks.

35.  Wiley owns the Wiley Trademarks, for which it has

obtained United States Trademark Registrations.

36.  Thomson owns or is the exclusive licensee of the

Thomson Trademarks, with the accompanying right and duty to

protect and enforce all rights therein.  Thomson or its

licensors own the Thomson Trademarks, for which Thomson or its

licensors have obtained United States Trademark Registrations.

37.  McGraw-Hill owns the McGraw-Hill Trademarks, for which it has obtained United States Trademark Registrations.

38.  The Pearson, Wiley, Thomson and McGraw-Hill Trademarks are valid and enforceable.

39.  Defendants have infringed the Pearson, Wiley, Thomson and McGraw-Hill Trademarks in violation of 15 U.S.C. § 1114(a) by using them on and/or in connection with the works that they have sold.

40.  Defendants' acts complained of herein have irreparably damaged plaintiffs and may continue to do so.  The damage to plaintiffs includes harm to their good will and reputation in the marketplace for which money cannot compensate. Plaintiffs have no adequate remedy at law for these wrongs. Plaintiffs are, therefore, entitled to a preliminary and permanent injunction restraining and enjoining defendants, their agents, servants, employees, and attorneys and all persons acting in concert with them from using the Pearson, Wiley, Thomson and McGraw-Hill Trademarks or any colorable imitation of them.

41.  Defendants have willfully infringed the Pearson, Wiley, Thomson and McGraw-Hill Trademarks.

42.  Plaintiffs are entitled to recover (1) defendants' profits from the infringing books, (2) plaintiffs'

damages, (3) the costs of the suit, and (4) reasonable
attorneys' fees.

### THIRD CLAIM FOR RELIEF
(Common Law Unfair Competition Under State Law)

43. Plaintiffs repeat the averments contained in
paragraphs 1 through 42 above as if set forth in full.

44. Defendants' acts complained of herein have
damaged and may continue to damage plaintiffs irreparably.  The
damage to plaintiffs includes harm to their good will and
reputation in the marketplace for which money cannot compensate.
Plaintiffs have no adequate remedy at law for these wrongs and
injuries.  Plaintiffs are, therefore, entitled to a preliminary
and permanent injunction restraining and enjoining defendants,
their agents, servants, employees, and attorneys and all persons
acting in concert with them from using the Pearson, Wiley,
Thomson and McGraw-Hill Trademarks or any colorable imitation of
them, to restitution of defendants' ill-gotten gains, and to
punitive damages in an amount to be determined by the trier of
fact in this action.

WHEREFORE, plaintiffs demand judgment:

A.   Preliminarily and permanently enjoining
defendants, their agents, servants, employees, and attorneys and
all those acting in concert with them from infringing the

Pearson, Wiley, Thomson and McGraw-Hill Copyrights in violation of 17 U.S.C. § 501;

B.   Awarding plaintiffs their damages or defendants' profits, or alternatively, at plaintiffs' election, statutory damages, as a result of defendants' willful infringement of the Pearson, Wiley, Thomson and McGraw-Hill Copyrights;

C.   Preliminarily and permanently enjoining defendants, their agents, servants, employees, and attorneys and all those acting in concert with them from infringing the Pearson, Wiley, Thomson and McGraw-Hill Trademarks in violation of 15 U.S.C. § 1114(a);

D.   Awarding plaintiffs their damages and/or defendants' profits from their willful infringement of the Pearson, Wiley, Thomson and McGraw-Hill Trademarks pursuant to 15 U.S.C. § 1117(a);

E.   Directing that defendants engage in such additional activities, including, but not limited to, recalls of products and corrective advertising, as may be necessary and appropriate to mitigate the damage defendants have caused;

F.   Awarding plaintiffs their costs in this action, including their reasonable attorneys' fees pursuant 17 U.S.C. § 505 and 15 U.S.C. § 1117;

G.   Awarding plaintiffs punitive damages in an amount to be determined by the trier of fact in this action; and

H.   Granting such other and further relief as to this Court seems just and proper.

Dated:   New York, New York
         March 30, 2007

PERKINS & DUNNEGAN

By _William Dunnegan_
   William Dunnegan (WD9316)
   Megan L. Martin (MM4396)
Attorneys for Plaintiffs
   Pearson Education, Inc.,
   John Wiley & Sons, Inc.,
   Thomson Learning Inc., and
   The McGraw-Hill Companies, Inc.
45 Rockefeller Plaza
New York, New York 10111
(212) 332-8300

Schedule A
"Pearson Copyrights"

<u>Title</u>   (<u>Date of Registration</u>) (<u>Registration #</u>)

1.   Marketing Management, Twelfth Edition, April 7, 2005, TX-6-150-569.

2.   Quantum Chemistry, Fifth Edition, October 4, 1999, TX-5-053-837.

3.   Management of Organizational Behavior: Leading Human Resources, Eighth Edition, January 5, 2001, TX-5-323-917.

4.   Modern Operating Systems, Second Edition, April 26, 2001, TX-5-358-150.

5.   Modern Power Electronics and AC Drives, First Edition, October 25, 2001, TX-5-444-007.

6.   Transportation Engineering and Planning, Third Edition, September 13, 2000, TX-5-276-358.

7.   Real Analysis, Third Edition, March 16, 1988, TX-2-256-150.

Schedule B
"Wiley Copyrights"

<u>Title</u>       (<u>Date of Registration</u>)    (<u>Registration #</u>)


1.    Basic Engineering Circuit Analysis, Eighth Edition,
      February 10, 2005, TX-6-118-290.

2.    Principles of Polymerization, Fourth Edition, March 23,
      2004, TX-5-946-868.

3.    Facilities Planning, Third Edition, January 23, 2003, TX-5-
      654-775.

4.    Pattern Classification, Second Edition, August 11, 2006,
      TX-6-418-016.

5.    The Analysis and Use of Financial Statements, Third
      Edition, March 5, 2003, TX-5-697-672.

6.    Advanced Engineering Mathematics, Eighth Edition, August
      28, 2003, TX-5-784-074.

7.    Digital Telephony, Third Edition, March 3, 2000, TX-5-151-
      533.

8.    Mathematical Methods in the Physical Sciences, Third
      Edition, September 8, 2005, TX-6-235-927.

10.   Applied Econometric Time Series, Second Edition, September
      5, 2003, TX-5-818-578.

14

Schedule C
"Thomson Copyrights"

<u>Title</u>   (<u>Date of Registration</u>) (<u>Registration #</u>)

1.   Operations Management, Ninth Edition, August 3, 2001, TX-5-367-660.

2.   Promotion and Integrated Marketing Communications with Infotrac, First Edition, April 2, 2001, TX-5-349-213.

3.   Fundamentals of Analytical Chemistry with Infotrac, Eighth Edition, August 28, 2003, TX-5-800-626.

4.   Training in Organizations with Infotrac, Fourth Edition, July 16, 2001, TX-5-418-292.

5.   Electronic Communication Systems, Second Edition, June 20, 2002, TX-5-550-415.

6.   Emergency Guide for Dental Auxiliaries, Third Edition, July 22, 2002, TX-5-676-923.

7.   Technical Communication : A Reader-Centered Approach, Fifth Edition, January 30, 2003, TX-5-667-205.

Schedule D
"McGraw-Hill Copyrights"

<u>Title</u>      <u>Registration #</u>   <u>Date of Registration</u>

1.   Fundamentals of Human Resource Management, Second Edition,
     May 17, 2006, TX-6-322-149.

2.   Real and Complex Analysis, Third Edition, August 11, 1986,
     TX-1-887-185.

3.   Design of Analog Cmos Integrated Circuits, First Edition,
     January 25, 2001, TX-5-339-805.

4.   Heat Transfer, Ninth Edition, December 6, 2001, TX-5-490-
     794.

5.   Management of a Sales Force, Eleventh Edition, January 2,
     2003, TX-5-666-565.

6.   Physical Chemistry, Fifth Edition, October 17, 2001, TX-5-
     470-348.

7.   Business Driven Technology, First Edition, May 5, 2005, TX-
     6-209-520.

8.   Investments, Sixth Edition, March 9, 2004, TX-5-940-059.

9.   Introduction to Radar Systems, Third Edition, September 5,
     2000, TX-5-266-505.

10.  Negotiation, Fifth Edition, May 5, 2005, TX-6-220-743.

11.  Fluid Mechanics, Fifth Edition, March 10, 2003, TX-5-672-
     904.

12.  Vertebrates: Comparative Anatomy, Function, Evolution,
     Fourth Edition, May 20, 2005, TX-6-169-786.

13.  Genetics: Analysis and Principles, Second Edition, April
     23, 2004, TX-5-953-382.

14.  Compensation, Eighth Edition, August 24, 2004, TX-6-017-
     696.

16

Schedule E
Pearson Trademarks

| U.S. Trademark | Registration Number | Class |
|---|---|---|
| 1. "Pearson" | 2,599,724 | 009, 016, 035, 042 |
| 2. "Pearson" | 2,600,081 | 041 |
| 3. "Pearson" | 2,652,792 | 009, 016 |
| 4. "Pearson" | 2,679,355 | 016 |
| 5. "Pearson" | 2,691,830 | 041 |
| 6. "Pearson" | 2,694,359 | 009 |
| 7. "Prentice-Hall" | 1,332,044 | 016 |
| 8. "Prentice-Hall" | 1,332,639 | 042 |
| 9. "Prentice-Hall" | 1,375,654 | 009 |
| 10. "Addison Wesley" | 2,188,798 | 016 |
| 11. "Addison-Wesley" | 2,400,130 | 016 |

Schedule F
Wiley Trademarks

| | U.S. Trademark | Registration Number | Class |
|---|---|---|---|
| 1. | "JW" Colophon | 2,168,941 | 009, 042 |
| 2. | "Wiley" | 1,003,988 | 009, 016, 036, 038 |
| 3. | "Wiley" | 2,159,987 | 009, 042 |

Schedule G
Thomson Trademarks

| U.S. Trademark | Registration Number | Class |
|---|---|---|
| 1. "Thomson Learning" | 2,810,953 | 009, 016, 041 |
| 2. "Thomson Learning" | 2,926,467 | 035 |

Schedule H
McGraw-Hill Trademarks

| U.S. Trademark | Registration Number | Class |
|---|---|---|
| 1. "McGraw-Hill" | 1,350,345 | 16 |
| 2. "McGraw-Hill" Bug | 2,899,528 | 16, 41 |
| 3. "The McGraw-Hill Companies" | 3,103,212 | 9,16,35,36,37, 38,39,40,41,42 |
| 4. "Irwin" "Irwin" | 1,718,118 1,718,118 | 16 16 |